UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM B. DEVEER,

                Plaintiff,         <u>MEMORANDUM & ORDER</u>
                                    07-CV-4437 (JS)(AKT)

     -against-

GOVERNMENT EMPLOYEES INSURANCE CO.
(GEICO),

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      William B. Deveer, <u>pro</u> <u>se</u>
                   ECM# 53064
                   P.O. Box 4668
                   New York, NY 10163

For Defendant:      Kathryn J. Russo, Esq.
                   Jackson Lewis, LLP
                   58 South Service Road, Suite 410
                   Melville, NY 11747

SEYBERT, District Judge:

        <u>Pro</u> <u>se</u> Plaintiff William B. Deveer ("Plaintiff")
commenced this action against Defendant Government Employees
Insurance Co. (GEICO) ("Defendant" or "GEICO") in the Supreme Court
of the State of New York, County of Nassau, on or about October 3,
2007, alleging that Defendant discriminated against Plaintiff in
violation of New York State Executive Law § 296. On
October 24, 2007, Defendant removed the action to this Court
pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Presently pending
before the Court is (1) Plaintiff's motion to remand this action to
the Supreme Court of the State of New York, County of Nassau, (2)

Defendant's motion to strike Plaintiff's purported Amended Complaint, (3) Plaintiff's motion to quash Defendant's motion to strike, (4) Plaintiff's motion for joinder pursuant to Federal Rule of Civil Procedure 20, and (5) an appeal of Magistrate Judge A. Kathleen Tomlinson's May 30, 2008 Order ("May 30 Order") denying Plaintiff's request for a court-ordered subpoena for a deposition. For the reasons set forth herein, the pending motions and Appeal are DENIED.

BACKGROUND

I.  Procedural Background

As noted, Plaintiff filed this action in the Supreme Court of the State of New York, County of Nassau, on or about October 3, 2007.  On October 24, 2007, Defendant filed a Notice of Removal in this Court removing the action based on diversity of citizenship.[1]  Plaintiff is a resident and citizen of the State of Washington, and Defendant is incorporated in Delaware and has its principal place of business in Maryland.  (Notice of Removal ¶¶ 3-5, 8.)  Additionally, Plaintiff demands $500,000.00 in damages,

---

[1] Although the classification fields located at the top of the docket sheet indicate that this Court's jurisdiction is pursuant to "Federal Question," Defendant clearly removed based on diversity of citizenship.  (Notice of Removal.)  It appears, therefore, that the "Federal Question" classification is a clerical error, which the Clerk of the Court is directed to correct.

clearly in excess of the $75,000.00 amount in controversy threshold. (Id. ¶ 6; 28 U.S.C. § 1332.)

On November 2, 2007, Defendant served and filed its Answer to the Complaint. (Docket Entry 3.) On November 14, 2007, Plaintiff served Defendant and an individual, Ralph Carrozza ("Carrozza"), with a purported amended complaint, which is identical to the original Complaint except it lists Carrozza as an individual defendant and corrects a typographical error on the second page of the Complaint. (Pl.'s Mot. to Remand, Ex. B.) Carrozza is a New York citizen. (Carrozza Aff. ¶ 2.) Notably, the caption of the purported amended complaint refers to the Supreme Court of the State of New York, County of Nassau, not this Court. (Pl.'s Mot. to Remand, Ex. B.) The purported amended complaint was not filed with this Court. Five days after serving Defendant and Carrozza with the purported amended complaint, Plaintiff filed the pending motion to remand, which included, as an exhibit thereto, the purported amended complaint. (Id.)

On November 29, 2007, Defendant opposed Plaintiff's motion to remand and filed a cross-motion to strike the purported amended complaint. On December 4, 2007, Plaintiff opposed Defendant's motion to strike and also filed a motion to quash Defendant's motion to strike the purported amended complaint. Defendant's motion to strike was fully briefed on December 7, 2007.

On December 12, 2007, Plaintiff filed an unauthorized sur-reply to the motion to strike, which Defendant requests that the Court disregard.

On January 4, 2008, the parties appeared before Magistrate Judge Tomlinson for an initial conference. Thereafter, the parties proceeded with discovery, including depositions. On February 29, 2008, Plaintiff filed a motion for joinder pursuant to Federal Rule of Civil Procedure 20 seeking to add a second individual defendant, William J. Todd ("Todd"), to the action. Defendant opposed the motion for joinder on March 11, 2008, and the motion was fully briefed on March 18, 2008.

Later that same month, Plaintiff made a letter motion to Magistrate Judge Tomlinson for a court-ordered subpoena for a deposition of the Federal Bureau of Investigation ("FBI"), which Judge Tomlinson denied by order dated May 30, 2008.[2] Plaintiff filed a timely appeal of such order on June 6, 2008.

II. Factual Background

Plaintiff is an Asian-American and Indian American male. (Compl. ¶ 5(a).) Plaintiff was employed by GEICO from July 1996 to

_____

[2] Although Magistrate Judge Tomlinson's order is dated March 30, 2008, this date appears to be a typographical error. The Order was docketed on May 30, 2008, and the parties appeared for a status conference on May 30, 2008, the minute entry for which indicates that the order at issue was decided on May 30, 2008.

April 2006 at its Woodbury, New York office.  (Id. ¶ 1.)  Plaintiff was assigned to the "Re-issue Section" in 1996, which has "become a very specialized, high job content section."  (Id. ¶ 3.)  At some point, Plaintiff was promoted to "Grade 61 & Service Rep. II" based on excellent job performance.  Plaintiff was earning approximately $40,000 per year, while entry-level representatives earned approximately $23,000 per year. (Id.)  Plaintiff alleges that the Re-issue section is a career stop for promotion into the Underwriting Department because it involves analysis of underwriting criteria and training and testing in this area.  (Id.)

Plaintiff contends that, despite having good work performance for nine years, on or about July 2005, he was demoted to an entry-level customer service representative position by a night shift supervisor named Andrew.  (Id. ¶ 6(b).)  Plaintiff believes the demotion was a result of his race, national origin and middle-eastern appearance.  (Id. ¶ 9.)  Plaintiff alleges that, by early 2005, GEICO management began viewing Plaintiff as a "suspicious character" based on allegations made by unknown individuals that Plaintiff "said suspicious things on the job of a terrorist nature." (Id.)  Plaintiff contends that the demotion not only adversely affected his career path at GEICO, it also adversely affected his career opportunities at other insurance companies. (Id. ¶ 4.)

DISCUSSION

I.   <u>Removal</u>

        Section 1441 of Title 28 is the "general" removal
statute.  Section 1441 provides, in pertinent part, that "any civil
action of which the district courts of the United States have
original jurisdiction" may be removed to federal court.  28 U.S.C.
§ 1441(b).  The original jurisdiction of federal district courts
may be broken into two general categories: (1) diversity; and (2)
federal question.  <u>See</u> 28 U.S.C. § 1330 <u>et</u> <u>seq.</u>  When removing
pursuant to a federal court's diversity jurisdiction, Section
1441(b) does not allow removal if any of the parties "properly
joined and served as defendants" are citizens of the forum state.
28 U.S.C. § 1441(b).  It is well-settled that the party seeking to
invoke a federal court's jurisdiction – in this case, Defendant –
bears the burden of proving the case is properly in federal court.
<u>See</u> <u>United Food Local 919 v. Centermark Prop.</u>, 30 F.3d 298, 301 (2d
Cir. 1994); <u>Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.</u>, 314
F. Supp. 2d 177, 179 (S.D.N.Y. 2003) ("When the removal of an
action to federal court is contested, the burden falls squarely
upon the removing party to establish its rights to a federal forum
by competent proof.") (internal quotation marks and citations
omitted).  Additionally, whether an action was properly removed to
federal court is determined based on the pleadings at the time of

6

removal.  <u>See Fed. Ins. Co. v. Tyco Int'l Ltd.</u>, 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) (collecting cases).

A.   <u>Filing The Notice Of Removal With State Court</u>

Plaintiff argues, among other things, that the Court should remand this action because Defendant failed to file the Notice of Removal with the correct clerk of the state court as required by Section 1446(d).  Although Plaintiff's argument was raised in a subsequent motion, entitled "Motion To Quash Defendant's Motion To Strike," and in opposition to Defendant's motion to strike the purported amended complaint, the Court finds it most logical to analyze it first, as it raises a question of whether Defendant followed proper procedure in removing the action.

Section 1446(d) provides that, after filing a notice of removal with the federal district court, "the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of [the] State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446.  As is clear from the plain language of the statute, the removal becomes effective when the defendant files a copy of the notice of removal with the clerk of that state court.  Defendant mailed a "Notice of Filing of Notice of Removal" to the Nassau County Supreme Court on October 23, 2007, and the document was stamped "RECEIVED" on

October 26, 2007, by the Nassau County Clerk's Office. (Russo Reply Aff. ¶ 2, Ex. E.) Defendant also served Plaintiff with the Notice. (<u>Id.</u> Ex. E.) It appears, however, that the Notice was not docketed on the state's computer system and, therefore, the action was not marked off the state court's calendar.

Plaintiff contends that the reason for this error was that Defendant mailed the Notice to the incorrect address. Defendant mailed the Notice to the clerk of the court at "100 Supreme Court Drive, Mineola, NY 11501." (Pl.'s Mem. in Support of Mot. to Quash ¶ I, Ex. B.) Plaintiff asserts that the Notice should have been mailed to 240 Old Country Road, Room 108, Mineola, NY 11501. (<u>Id.</u> ¶ I.) In support of this argument, Plaintiff attaches printouts from, it appears, the New York State Supreme Court website. (<u>Id.</u> Ex. B.) The printouts, however, refer to the Clerk of the Court of Appeals and New York County Civil Branch, with type-written addresses included at the bottom for the Nassau County Clerk, which clearly do not appear to be included in the original printout. (<u>Id.</u>)

Assuming, <u>arquendo</u>, that Plaintiff is correct, and Defendants mailed the notice to the incorrect address, which caused the Notice to not be docketed on the state court's system, such a mistake does not warrant remand. In <u>Calderon v. Pathmark Stores, Inc.</u>, the removing defendant failed to notify the state court that

it had removed the action to federal court for over one month. 101
F. Supp. 2d 246, 247 (S.D.N.Y. 2000). Despite such failure to even
send anything to the state court for over a month, the court held
that because the "delay was relatively short and no action was
taken by the state court between the time of actual removal and the
time of the requisite notice, the alleged defect is harmless and,
not being jurisdictional, creates no basis for remand." Id. at
248. Here, Defendant did not fail to notify the state court of the
removal. Indeed, Defendant mailed the Notice and it was marked
"RECEIVED" by the Nassau County Clerk's Office three days after it
was mailed. For some unknown reason, however, the state court said
it did not receive it. It was not until November 19, 2007,
approximately three weeks later, when Defendant faxed another copy
of the Notice of Filing to the state court that it was actually
entered in the state court's system. For the reasons already
stated, the Court finds that the Notice of Removal was effective as
of the date Defendant first mailed the Notice of Filing to the
clerk of the state court, and, therefore, any documents Plaintiff
may have filed with the state court were not properly filed in this
action unless filed with this Court.

Accordingly, the Court finds that Defendant followed the
proper procedure in removing the action to this Court, and Section
1446(d) provides no support for remand. The Court next determines

whether this Court has subject matter jurisdiction over the action and whether removal was proper under Section 1441(b).

B. <u>Diversity Under Section 1332</u>

"Diversity jurisdiction exists where a suit is between citizens of different states and the amount in controversy exceeds $75,000." <u>Farella v. Home Depot, Inc.</u>, No. 97-CV-164, 1997 U.S. Dist. LEXIS 4740, at *1 (S.D.N.Y. Apr. 14, 1997) (<u>citing</u> <u>Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp.</u>, 101 F.3d 900, 906 (2d Cir. 1996)). "For diversity purposes, a corporation is a 'citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" <u>Pinnacle</u>, 101 F.3d at 906 (<u>quoting</u> 28 U.S.C. § 1332(c)).

At the time of removal, on October 24, 2007, Plaintiff and Defendant were the only two parties, actual or proposed, to this action. The Notice of Removal states that Plaintiff is a resident and citizen of the state of Washington and has a mailing address in New York.[3] (Notice of Removal ¶¶ 3, 8.) Defendant is a citizen of Delaware, its state of incorporation, and Maryland, the state in which it has its principal place of business. (<u>Id.</u> ¶¶ 4-5.) Accordingly, at the time of removal, complete diversity

_____

[3]  The Court notes that citizenship, not residency, is important for purposes of determining whether the Court has subject matter jurisdiction based on diversity. The Notice of Removal alleges that Plaintiff is a resident and citizen of Washington and receives mail at an address in New York.

existed under Section 1332.

C.    Forum Defendant Rule

Section 1441(b) provides that a diversity case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Accordingly, removal of a diversity case is permissible "where an in-state defendant has not been served by the time the removal petition is filed."  Flores v. Merck & Co., No. 06-MD-1789, 2008 U.S. Dist. LEXIS 57473, at *37-38 (S.D.N.Y. July 28, 2008) (noting that the "few cases reaching the opposite conclusion generally conflate section 1441(b)'s forum defendant rule with the rule that a non-diverse party, whether served or unserved, destroys complete diversity"); Stan Winston Creatures, 314 F. Supp. 2d at 180 ("'where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability'") (quoting Ott v. Consol. Freightways Corp., 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002)) (alteration in original).

The parties spend considerable time and effort arguing the applicability of the doctrine of fraudulent joinder; however, the Court need not address such arguments in reaching its conclusion on Plaintiff's motion to remand.  At the time Defendant removed this case from state court, it was the only served

Defendant and, in fact, the only named Defendant. Approximately three weeks later, Plaintiff attempted, without consent and without leave of Court, to add an in-state defendant; that is, an individual who is a citizen of New York. Clearly, if a case is removable where an in-state defendant is named in the complaint, but simply has not yet been served, a case is properly removable where the complaint does not yet contemplate an in-state defendant. Accordingly, Defendant's removal of this action was proper.

Plaintiff cites to numerous cases in support, he asserts, of the argument that the addition of an <u>in-state</u> defendant destroys diversity and requires remand of the case. <u>See</u>, <u>e.g.</u>, <u>Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, LTD.</u>, 99 F.3d 746 (5th Cir. 1996); <u>Lawson v. Am. General Assurance Co.</u>, 455 F. Supp. 2d 526 (S.D. W. Va. 2006). As an initial matter, the Court points out that it is not bound by decisions of the Fifth Circuit or the Southern District of West Virginia. Putting that aside, however, Plaintiff simply misunderstands the holdings of the cases he cites. In <u>Interenergy Resources</u>, the Fifth Circuit reversed the decision of the district court, which denied a motion to remand to state court based on a finding of fraudulent joinder. 99 F.3d at 749. Because the Fifth Circuit held that there was no fraudulent joinder, "<u>complete diversity</u> [did] not exist among the parties," and the federal courts lacked subject matter

jurisdiction.  Id. (emphasis added).  There is no discussion in the Interenergy Resources decision of an "in-state" defendant. Similarly, in Lawson, plaintiffs and one of the defendants were citizens of West Virginia and, therefore, complete diversity was lacking.  455 F. Supp. 2d at 528.  The court rejected defendants' reliance on the fraudulent joinder doctrine and remanded the action to state court based on lack of subject matter jurisdiction.  Id. at 531-32.

Plaintiff fails to understand the difference between complete diversity under Section 1332 and an in-state defendant under Section 1441(b).  Complete diversity is a jurisdictional requirement, which mandates that plaintiffs and defendants are citizens of different states.  28 U.S.C. § 1332(a); see also Airlines Reporting Corp. v. S & N Travel, 58 F.3d 857, 861 (2d Cir. 1995) ("It is well established that for a case to come within the diversity statute there must be complete diversity among all parties; that is, no plaintiff and no defendant may be citizens of the same state.")  In other words, if complete diversity is lacking, the federal district court does not have subject matter jurisdiction over the action and must dismiss it, or, if it was a removed action, remand it back to state court.  See 28 U.S.C. § 1447(c) (directing a court to remand if at any time before final judgment it appears that subject matter jurisdiction is lacking);

see also Shuster v. Olem, No. 96-CV-1993, 1997 U.S. Dist. LEXIS 2589, at *3 (S.D.N.Y. March 10, 1997).

Section 1441(b), on the other hand, is not jurisdictional and simply prohibits the removal of a diversity action to federal court if, at the time of removal, one of the "properly joined and served" defendants is a citizen of the state in which the plaintiff commenced the action.  28 U.S.C. § 1441(b); see also Shapiro v. Logistec USA Inc., 412 F.3d 307, 313 (2d Cir. 2005) ("section 1441(b) is a rule of procedure and does not state a jurisdiction requirement").  As previously explained, at the time of removal, Carrozzo was not a "properly joined and served" defendant to this action, and, therefore, removal was proper under Section 1441(b). Furthermore, the proposed addition of Carrozza as a defendant does not destroy complete diversity under Section 1332, and, therefore, there are no grounds on which to remand this action.

Consequently, Plaintiff's motion to remand to state court is DENIED.

II.  Motion To Strike And Motion To Quash

As noted, Defendant filed a motion to strike Plaintiff's purported amended complaint for failure to obtain Defendant's consent or leave of the Court as required by Federal Rule of Civil Procedure 15.  Pursuant to Rule 15(a), a plaintiff may amend a complaint once as a matter of course at any time before a

responsive pleading is served.  Fed. R. Civ. P. 15(a).  Thereafter,
plaintiff may only amend by leave of court or by written consent of
the adverse party.  Id.

It is undisputed that Defendant filed its Answer on
November 2, 2007.  Thereafter, any proposed amendment to the
Complaint would have had to have been on consent or by leave of the
Court; neither of which Plaintiff sought to obtain.  Rather,
Plaintiff served Defendant Carrozza with a purported amended
complaint on November 14, 2007, failing to even file such document
with this Court.  Rather, Plaintiff attached the purported amended
complaint as an exhibit to his motion to remand, which he filed on
November 19, 2007.

For the sake of efficiency, and in light of Plaintiff's
pro se status, however, the Court declines to strike the purported
amended complaint on procedural grounds.  Instead, the Court deems
Plaintiff's filing of the purported amended complaint as a motion
for leave to file an amended complaint to add a party pursuant to
Rules 15(a) and 21, which the Court will analyze together with
Plaintiff's motion for joinder.  Accordingly, Defendant's motion to
strike the purported amended complaint is DENIED.

Plaintiff also filed a motion to quash Defendant's motion
to strike.  In reality, Plaintiff submitted numerous documents to
the Court entitled "Motion to Quash," which, upon review of the

15

substance of the documents, were really further support for Plaintiff's motion to remand based on Defendant's alleged failure to file the Notice of Removal with the correct state court. The substance of such arguments was addressed in Section I, supra. To the extent, however, that Plaintiff was actually requesting the Court to quash Defendant's motion to strike, such request is DENIED as moot. Instead, as previously noted, the Court will consider whether Plaintiff should be granted leave to file the purported amended complaint.

III.  Motion To Amend To Add Parties

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Only undue delay, bad faith, futility, or prejudice to the nonmoving party may serve as a basis for denying leave to amend. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). The decision to grant or deny a motion to amend rests within the sound discretion of the district court. Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995).

If an amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party, Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993); see also Klecher v. Metro. Life Ins. Co., 331 F. Supp. 2d 279, 283 (S.D.N.Y.

2004) ("It is well-established that 'one appropriate basis for denying leave to amend is that the proposed amendment would be futile because it fails to state a claim.'") (citing <u>Nettis v. Levitt</u>, 241 F.3d 186, 193 (2d Cir. 2001); <u>Hayden v. County of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999) ("Where the [moving party] is unable to demonstrate that he would be able to amend his [pleading] in a manner which would survive dismissal, opportunity to replead is rightfully denied."); <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

"When a party moves to add a new defendant, Rule 21 of the Federal Rules of Civil Procedure applies. Rule 21 provides that 'parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.'"[4] <u>Klecher</u>, 331 F. Supp. 2d at 283 (citing Fed. R. Civ. P. 21); <u>Highland Capital Mgmt. L.P. v. Global Aero. Underwriting Managers Ltd.</u>, No. 02-CV-9360, 2004 U.S. Dist. LEXIS 8711, at *4 (S.D.N.Y. May 18, 2004) ("Rule 21 governs, however, where the proposed amendment adds new parties."). "In

---

[4] Although Plaintiff moves pursuant to Rule 20 to add Todd as a defendant to this action, the motion will be considered under Rule 21. <u>See</u> <u>Kaminsky v. Abrams</u>, 41 F.R.D. 168, 169 (S.D.N.Y. 1996) (applying Rule 21 to a motion to join additional defendants to an action even though the motion was made under Rule 20).

deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." <u>Klecher</u>, 331 F. Supp. 2d at 283 (internal citations omitted); <u>Highland Capital</u>, 2004 U.S. Dist. LEXIS at *4.

    A.   <u>Futility</u>

      "A proposed amendment is futile when it fails to state a claim upon which relief can be granted." <u>Health-Chem Corp. v. Baker</u>, 915 F.2d 805, 810 (2d Cir. 1990). A determination of futility is governed by the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991). Under Rule 12(b)(6), the Court must accept as true all the factual allegations in the Complaint and draw all reasonable inferences in favor of Plaintiff. <u>See</u> <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 249, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989); <u>see also</u> <u>Bolt Elec., Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d. Cir. 1995). To survive a motion to dismiss, plaintiff must plead enough facts "to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, -- U.S. --, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>King v. Simpson</u>, 189 F.3d 284, 287 (2d Cir. 1999) (quoting <u>Villager Pond,</u>

<u>Inc. v. Town of Darien</u>, 56 F.3d 375, 378 (2d Cir. 1995)).

      B.   <u>Addition Of Carrozza As An Individual Defendant</u>

            In connection with Plaintiff's request to add Carrozza as an individual defendant to this action, he submitted a proposed amended complaint, which is identical to the original Complaint, except for the addition of Carrozza in the caption and the correction of a typographical error on the second page. No additional facts were added concerning Carrozza's involvement in the alleged discrimination against Plaintiff. As a result, both the Complaint and the proposed amended complaint refer to Carrozza a total of two times: (1) Plaintiff alleges that Defendant's motive for demoting Plaintiff can be "verified by the testimony, under oath, of GEICO supervisors Susan Sanaga, Ralph Carrozza, Rich Von Glahn, Night Shift Supervisor Andrew, and night service manager William Todd & others (this is not an allegation, but an inference to help the Court get a better understanding of a possible motive for their discriminatory actions based on race, national origin, and appearance.)," (Prop. Am. Compl. ¶ 9.); and (2) in supporting an allegation that Plaintiff's demotion from the Re-issue Section into an entry level position was significant, he states that the Court "may question Supervisors Ralph Carrozza, Sue Sanaga, and Rich Von Glahn. They will testify that the Re-issue Section is the last step before promotion into the Underwriting Dept." (<u>Id.</u> ¶ 13.)

The two references to Carrozza fail to allege any wrongdoing whatsoever. The statements merely indicate that Carrozza, and other supervisors, can provide factual background and support for Plaintiff's claims. Such allegations are completely insufficient to state a claim of discrimination against Carrozza under New York law. See Feingold v. New York, 366 F.3d 138, 157-59 (2d Cir. 2004) (explaining that to hold an individual liable under New York Human Rights Law plaintiff must establish that the individual defendant actually participated in the conduct causing the alleged discrimination); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d cir. 1995), abrogated on other grounds, ("a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the HRL"). In other words, any claim against Carrozza would not withstand a motion to dismiss, and, therefore, amending the Complaint to add Carrozza as a defendant would be futile. Accordingly, Plaintiff's motion for leave to amend the Complaint to add Carrozza as a defendant is DENIED.

C.    Addition Of Todd As An Individual Defendant

Plaintiff's motion to join Todd as a defendant to this action is not accompanied by a proposed amended complaint; therefore, the Court looks to the Complaint to determine whether Plaintiff has sufficiently stated a cause of action against Todd.

The Complaint itself, as well as the identical proposed amended complaint submitted in connection with the motion to add Carrozza as a defendant, refers to Todd a total of two times. One reference is cited in Section III.B above in which Plaintiff notes that Todd is one of the supervisors who can assist in verifying facts and supporting Plaintiff's claims. The other reference to Todd is included in the allegation that "Plaintiff was demoted to into entry level customer service by night shift supervisor Andrew . . . . . Andrew worked under night shift service manager William Todd." (Compl. ¶ 8.) Once again, Plaintiff fails to attribute any wrongdoing to Todd. By failing to allege that Todd actually participated in the conduct giving rise to the discrimination, Plaintiff's claim against Todd is deficient.

The Court next looks to Plaintiff's motion papers to determine whether he sets forth any facts that would support a claim against Todd. Plaintiff asserts in his motion papers that Todd admitted during his deposition that he made the decision, along with his subordinates, to move Plaintiff to "General Service Gate 3," which Plaintiff alleges is an entry-level position. (Pl.'s Mot. for Joinder ¶ II.) A review of the relevant portion of Todd's deposition, however, indicates only a general explanation of how and why employees are transferred to the general service gate section. Indeed, Todd testified only that he was "aware of

[Plaintiff's] movement to a general service gate in 2005." (Id. Ex. B.) Nowhere in the portion of the deposition attached to Plaintiff's motion does Todd admit that he made the decision to move Plaintiff to the general service gate.

As note above, in deciding a motion to dismiss, and, consequently, a motion for leave to amend opposed on grounds of futility, the Court accepts as true the allegations set forth in the Complaint. Plaintiff does not allege in the Complaint, however, that Todd was the supervisor who demoted him to the general service gate or that Todd actually participated in any other conduct giving rise to the discrimination. In fact, the Complaint alleges that a night supervisor named Andrew was responsible for such demotion. Morever, the portion of Todd's deposition submitted to the Court does not provide evidentiary support for alleging that Todd made the decision to demote Plaintiff. See Fed. R. Civ. P. 11(b) ("By presenting to the Court a pleading . . . an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). Plaintiff has offered no well-founded allegations that support a claim

against Todd for violation of New York Human Rights Law. Accordingly, any amendment would be futile and is, therefore, DENIED without prejudice.[5]

IV. Appeal Of Magistrate's Discovery Order

Finally, on June 6, 2008, Plaintiff appealed the May 30 Order in which Magistrate Judge Tomlinson denied Plaintiff's request for a court-ordered subpoena for a deposition of the FBI. Plaintiff sought to require an FBI representative to submit to a deposition regarding any complaints or reports "of a suspicious character" made between 2002 and 2005 by Defendant with respect to Plaintiff. Plaintiff requested such information in an effort to support his claim that he was unlawfully demoted by Defendant because Plaintiff allegedly made statements of a potentially terrorist nature.

In opposition to the request, Defendant submitted to Magistrate Judge Tomlinson excerpts from depositions of five GEICO supervisors, all of whom testified that they never heard Plaintiff

---

[5] The Court denies this portion of Plaintiff's motion without prejudice because it does not have the benefit of Todd's entire deposition; only a very small part. Accordingly, it is possible that there is other testimony that would support a Human Rights Law claim against Todd. If Plaintiff makes a second attempt at amending the Complaint to state a cause of action against Todd, he is advised that he must seek leave of the Court, attach a proposed Amended Complaint, which will completely replace the original Complaint, if accepted, and ensure that any submissions comply with the Federal Rules of Civil Procedure in general, and, specifically, Rule 11.

say "suspicious words" on the job and never received complaints of such a nature. (May 30 Order 3-4.) The court declined to so-order the subpoena because Plaintiff failed to produce any evidence, other than his unsupported, conclusory allegations, that any of the five supervisors perjured himself. The court did, however, order Defendant to produce, to the extent it had not already done so, documents regarding written or oral reports or complaints concerning the substance of what Plaintiff sought, and any documentation, between 2002 and 2005, with the FBI or any other federal or state law enforcement agency regarding Plaintiff. (Id. 4-5.)

The Court may set aside a Magistrate's order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

Discovery matters are generally considered non-dispositive, and so Rule 72(a) governs discovery matters. See id. "A magistrate judge's resolution of discovery disputes deserves

substantial deference" and is overruled only if there is an abuse of discretion.  Id.; see EEOC v. First Wireless, Inc., No. 03-CV-4990 (E.D.N.Y. Nov. 23, 2004) (order denying EEOC's first motion to set aside magistrate's order).

Plaintiff urges this Court to reverse the May 30 Order because Magistrate Judge Tomlinson failed to consider case law presented by Plaintiff concerning corporate perjury.  His argument is that because there are numerous instances of "top management commanding their subordinate employee to commit perjury," it "could" be the case here that the five GEICO supervisors lied during their deposition.  (Pl.'s Appeal ¶ IV.)  Although Plaintiff has absolutely no evidence that any supervisors employed by Defendant have committed perjury, he essentially suggests such perjury is a possibility because it occurs so often in the corporate arena.

The May 30 Order orders Defendant to turn over any documents relating to complaints of Plaintiff making statement of a terrorist nature while on the job and documents with law enforcement agencies regarding Plaintiff.  Such directives provides Plaintiff with sufficient means to determine whether Defendant received complaints about Plaintiff being a terrorist or whether Defendant contacted the FBI or any other law enforcement agency regarding Plaintiff.  Plaintiff has offered no proof of any kind

that any one of the five GEICO supervisors perjured himself. Simply because perjury exists in large corporations does not give Plaintiff the right to depose the FBI. Plaintiff has failed to demonstrate that Magistrate Judge Tomlinson's May 30 Order was an abuse of discretion. Accordingly, Plaintiff's Appeal of the May 30 Order is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is DENIED, Defendant's motion to strike is DENIED, Plaintiff's motion to quash is DENIED, Plaintiff's motion for joinder is DENIED, and Plaintiff's Appeal of Magistrate Judge Tomlinson's May 30, 2008 order is DENIED. Additionally, the Clerk of the Court is directed to correct the classification of this case as "Federal Question" on the docket.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  26 , 2008
       Central Islip, New York